[No. H005533. First Dist., Div. Four. Sept. 26, 1989.]

INDUSTRIAL INDEMNITY COMPANY et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
ROSCOE L. ARNOLD et al., Real Parties in Interest.

COUNSEL

Thelen, Marrin, Johnson & Bridges James T. Hendrick, Paul Bruno, James A. Riddle, Kristen A. Jensen, Dryden, Margoles, Schimaneck, Hartman & Kelly, Robert E. Dryden, Robert Agen, Randy Sklaver, Popelka, Allard, McCowan & Jones, Philip R. McCowan, Paul R. H. Walker, Yvonne Andres, Cyril & Crowley, Paul H. Cyril, William Logan, Leboeuf, Lamb, Leiby & Macrae, Kornblum & McBride, Lorraine A. Barrabee, John N. Frye and Olena K. Davis for Petitioners.

Donald L. Clark, County Counsel, Ann Miller Ravel and Susan Konecny Branch, Deputy County Counsel, for Respondent.

Cotchett & Illston, Mary Seth Weiner, Bergeron & Garvic, Aaronson, Dickerson, Cohn & Lanzone, Morgan, Ruby, Teter, Schofield, Franich & Fredkin, Allen Ruby and Thomas Anderson for Real Parties in Interest.

OPINION

**CHANNELL, J.**—In this proceeding, we consider whether parties to an add-on petition in a coordination action are entitled to file a peremptory challenge to the coordination judge. We conclude that the Judicial Council rules governing coordination proceedings do not provide for such a right, that the Judicial Council had the authority to exclude parties to an add-on petition from the exercise of peremptory challenges, and that the exclusion is reasonable.

The coordination proceeding underlying the instant petition is In re Technical Equities Litigation which involves multiple actions by investors who lost money they invested with Technical Equities Corporation. In August 1986, the Honorable Conrad L. Rushing was assigned to sit as coordination trial judge. This court has been assigned as the reviewing court having appellate jurisdiction. (See Code Civ. Proc., § 404.2.)[1]

---

[1] All statutory references hereafter are to the Code of Civil Procedure unless otherwise designated. All rule citations refer to the California Rules of Court.

During November and December 1988, after several of the complaints in the coordination proceeding had gone to judgment, individual plaintiffs in the coordination proceeding (real parties in interest herein) filed eight separate actions in Santa Clara County Superior Court as judgment creditors. The defendants in these eight actions, petitioners herein, are insurance companies. The actions allege that the judgments were rendered against individuals who are insureds under policies issued by petitioners. Each complaint seeks (1) a declaration that real parties, as judgment creditors, are entitled to maintain "direct" actions against petitioners pursuant to Insurance Code section 11580[2] and (2) a declaration as to the applicability of the policies.

On December 23, 1988, real parties filed a petition with Judge Rushing to add on the actions against petitioners to the coordination proceeding. Each petitioner filed a peremptory challenge to Judge Rushing pursuant to section 170.6. Judge Rushing ordered the peremptory challenge motions stricken as untimely under rule 1515.

Upon a challenge to this ruling, we issued our alternative writ. Returns to the alternative writ have been filed by respondent court and by real parties in interest.

In 1972, the Legislature added chapter 2 entitled "Coordination" to title 4 of part 2 of the Code of Civil Procedure, commencing with section 404. (Stats. 1972, ch. 1162, § 2, p. 2287.) The standards for coordination are set forth in section 404.1 and include the requirement of common questions of fact or law and the efficient utilization of judicial resources.[3]

Pursuant to section 404.7, the Legislature authorized the Judicial Council to provide by rule the practice and procedure for coordination of civil actions. In 1974, pursuant to this authorization, the Judicial Council adopted Rules for Coordination of Civil Actions. (Rule 1501 et seq.) The Judicial

---

[2] Subdivision (b)(2) of Insurance Code section 11580 requires insurance policies to include: "A provision that whenever judgment is secured against the insured . . . in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment."

[3] Section 404.1 provides as follows: "Coordination of civil actions sharing a common question of fact or law is appropriate if one judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice taking into account whether the common question of fact or law is predominating and significant to the litigation; the convenience of parties, witnesses, and counsel; the relative development of the actions and the work product of counsel; the efficient utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of duplicative and inconsistent rulings, orders, or judgments; and, the likelihood of settlement of the actions without further litigation should coordination be denied."

Council provided in rule 1544 for a procedure to add on cases to an ongoing coordination proceeding after a coordination trial judge has been assigned. The add-on case must meet the same standards for coordination as apply to the original coordination. (Rule 1544(a).)

The request to add on a case is made directly to the coordination trial judge assigned to the proceeding, in this case Judge Rushing. (Rule 1544(a).) Rule 1515 provides that "[a]ny motion or affidavit of prejudice regarding an assigned judge shall be submitted in writing to the assigned judge *within 20 days after service of the order assigning that judge to the coordination proceeding.*" (Italics added.) ■ There is no provision in rule 1544 for a peremptory challenge by a party to an add-on case. Thus, unless section 170.6 itself applies to add-on parties, any peremptory challenge by such parties will be untimely. The effect of the rules governing coordination cases is to exclude add-on parties from the right to peremptorily challenge the coordination trial judge.

We conclude that the authority given to the Judicial Council over coordinated actions is broad enough to empower the Judicial Council to exclude parties from the right to exercise a section 170.6 challenge. Section 404.7 empowers the council to provide "by rule the practice and procedure for coordination of civil actions . . ." "[n]*otwithstanding any other provision of law* . . . ." (Italics added.) "The practical effect of such a grant of power is to remove any restraints of statutory consistency on the Judicial Council's rules." (*Keenan* v. *Superior Court* (1980) 111 Cal.App.3d 336, 341 [168 Cal.Rptr. 561].)

■ Nor does the exclusion of one category of parties from the right to exercise a peremptory challenge necessarily violate federal and state constitutional provisions. As originally enacted in 1957, section 170.6 was limited to civil cases. (Stats. 1957, ch. 1055, § 1, p. 2288.) In discussing the exclusion of criminal cases, the court in *Johnson* v. *Superior Court* (1958) 50 Cal.2d 693, 699 [329 P.2d. 5], wrote: "It is urged that section 170.6, because it applies only to a 'civil' action or special proceeding, discriminates against parties in criminal cases in violation of federal and state constitutional provisions prohibiting unreasonable classifications. [Citations.] . . . Wide discretion is vested in the Legislature as to the making of a classification, and every presumption is in favor of validity; the decision of the Legislature as to what constitutes a sufficient distinction to warrant the classification 'will not be overthrown by the courts unless it is palpably arbitrary and beyond rational doubt erroneous.' [Citations.] In enacting section 170.6, the Legislature could have concluded that, in criminal cases, there would be a greater possibility that the right conferred by the statute would be abused, and it cannot be said that this distinction was insufficient to justify with-

holding the right as to such cases." Nineteen years later in reconsidering the *Johnson* decision in light of the experience with the statute, the Supreme Court reiterated its holding that "the disqualification of trial judges is an aspect of the judicial system which is subject to reasonable legislative regulation; . . ." (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 192 [137 Cal.Rptr. 460, 561 P.2d 1148].)

■ Not to accord add-on parties the right to challenge the coordination trial judge was reasonable. The council could well have concluded that add-on cases were peculiarly subject to abuse of the peremptory challenge since the coordination trial judge may, as in this case, have participated in the case for years and the nature and the extent of his rulings could be well known. This presents an unusual opportunity to challenge for reasons unrelated to bias or prejudice. It also presents the possibility that by use of the challenge, the add-on party can effectively thwart the add-on procedure and prevent the benefits the Legislature sought to achieve by the add-on process.

Petitioners contend, however, that the rule enacted by the Judicial Council regarding challenges to coordination judges effects a repeal of section 170.6, subdivision (1) which expressly applies to "any civil or criminal action or special proceeding of any kind or character . . . ." They argue that since repeals by implication are not favored (see *Fuentes* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 7 [128 Cal.Rptr. 673, 547 P.2d 449]; *Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 92 [104 Cal.Rptr. 226, 501 P.2d 234]), the Legislature did not intend, by enacting section 404.7, to repeal that portion of section 170.6 which applies the right under section 170.6 to all proceedings.

Section 170.6 has not been repealed. The right to peremptorily challenge a judge in a coordination proceeding remains. It has been limited to parties who are in the coordination proceeding within 20 days of the service of the order assigning the coordination trial judge. This limitation is reasonable and serves the goals of the Legislature in providing for coordination since a fundamental and vital aspect of coordination is trial of multiple actions by a single judge. Even if the enactment of section 404.7 and the limitation in rule 1515 could be construed as a partial repeal of section 170.6, it is not a repeal by *implication*. Section 404.7 authorizes the Judicial Council to provide the rules of practice and procedure for coordination "[n]otwithstanding any other provision of law . . . ." This is an express authorization sufficiently broad to empower the council to formulate its own rules for judicial challenges independent of the provisions of section 170.6.

Given our conclusion that parties to an add-on petition do not have the right to peremptorily challenge the coordination trial judge, it is unneces-

sary to determine the additional argument of respondent and real parties that the challenge was untimely under section 170.6 itself.

The alternative writ is discharged and the petition is denied.

Poché, Acting P. J., and Perley, J., concurred.

Petitioners' application for review by the Supreme Court was denied November 30, 1989.