[No. A059008. First Dist., Div. One. Nov. 17, 1992.]

FARMERS INSURANCE EXCHANGE et al., Petitioners, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent;
ABUTAL et al., Real Parties in Interest.

## COUNSEL

Crosby, Heafey, Roach & May, Stephen A. McFeely, Joseph P. Mascovich, Thomas R. Burke and Timothy O'Toole for Petitioners.

No appearance for Respondent.

Fogel, Feldman, Ostrov, Ringler & Klevens, Larry R. Feldman, Robert M. Turner, Stephen D. Rothschild, Ernest M. Thayer, Padway & Padway and Laurence F. Padway for Real Parties in Interest.

## OPINION

**DOSSEE, J.**—Petitioners, Farmers Insurance Exchange and Mid-Century Insurance Company (hereafter collectively referred to as Farmers), are the defendants below in actions filed by real parties which have been ordered coordinated under Code of Civil Procedure section 404.4.[1] By timely petition for writ of mandate (§ 170.3, subd. (d); *People* v. *Hull* (1991) 1 Cal.4th 266 [2 Cal.Rptr.2d 526, 820 P.2d 1036]), Farmers seeks to reverse denial of its section 170.6 challenge to the coordination judge.

[1] All statutory references are to the Code of Civil Procedure unless otherwise noted.

We conclude that the challenge should have been accepted by reason of rule 1515 of the California Rules of Court (rule 1515 hereafter). Accordingly, we issue our peremptory writ in the first instance.[2]

The parties do not dispute the facts leading up to this petition. On July 20, 1992, three cases previously consolidated in Contra Costa County Superior Court were coordinated with a pending action in Los Angeles County Superior Court as the E-Z Reader Coverage Cases, Judicial Council Coordination Proceeding No. 2719. (§ 404.) On August 4, 1992, the parties were served with an order appointing the Honorable William A. O'Malley as the coordination trial judge. (Cal. Rules of Court, rule 1540.) The judge had previously ruled on contested matters in the Contra Costa cases to which Farmers was a party. Thereafter, Farmers filed its section 170.6 challenge which was timely within the meaning of rule 1515.[3] Judge O'Malley denied the challenge.

■■■■ Relying on section 170.6, subdivision (2) and *California Fed. Sav. & Loan Assn.* v. *Superior Court* (1987) 189 Cal.App.3d 267 [234 Cal.Rptr. 413], real parties argue that Farmers' challenge was untimely because of Judge O'Malley's prior rulings on contested motions, including a motion for summary adjudication (§ 437c) and a motion for class certification. They accuse Farmers of judge shopping because it challenged the very judge who previously made rulings adverse to its interests on issues common to others of the coordinated cases. They emphasize that even though the coordinated actions involve different plaintiffs, all of them are members of the same class and the relief sought is virtually identical.

The vice, however, in these arguments is that they ignore rule 1515, promulgated by the Judicial Council in accordance with the authority granted it by the Legislature in section 404.7. Both the statutory scheme and rules contemplate that the status of actions proposed for coordination often will differ markedly. The "relative development" of a case, including the nature and extent of its pretrial rulings, is a factor to be evaluated by the judge assigned to rule on the coordination motion. (§ 404.1; see Cal. Rules of Court, rule 1521.) ■■■ ■ ■ ■ Yet, rule 1515 unequivocally makes the Farmers' challenge timely, and provides no exception for coordinated actions which include cases in which contested issues had been

---

[2] *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893]; section 1088.

[3] The rule provides: "Any motion or affidavit of prejudice regarding an assigned judge shall be submitted in writing to the assigned judge within 20 days after service of the order assigning the judge to the coordination proceeding. All plaintiffs or similar parties in the included or coordinated actions shall constitute a side and all defendants or similar parties in such actions shall constitute a side for purposes of applying Code of Civil Procedure section 170.6."

previously decided.[4] There being no basis for implying such an exception to rule 1515, we decline to do.

Nor is there any question that the Judicial Council was authorized to enact rule 1515. (Cal. Const., art. VI, § 6; § 404.7; *People* v. *Wright* (1982) 30 Cal.3d 705, 712 [180 Cal.Rptr. 196, 639 P.2d 267]; *In re Marriage of McKim* (1972) 6 Cal.3d 673, 678 [100 Cal.Rptr. 140, 493 P.2d 868].) As Division Four of this court held in *Industrial Indemnity Co.* v. *Superior Court* (1989) 214 Cal.App.3d 259 [262 Cal.Rptr. 544], the Legislature empowered the Judicial Council to formulate rules for judicial challenges in coordinated proceedings "independent of the provisions of section 170.6." (*Id.*, at p. 264.) " 'The practical effect of such a grant of power is to remove any restraints of statutory consistency on the Judicial Council's rules.' " (*Industrial Indemnity Co.* v. *Superior Court, supra,* 214 Cal.App.3d at p. 263, quoting *Keenan* v. *Superior Court* (1980) 111 Cal.App.3d 336, 341 [168 Cal.Rptr. 561].)

Farmers' peremptory challenge to Judge O'Malley was timely under rule 1515. Therefore, let a peremptory writ of mandate issue commanding respondent Contra Costa County Superior Court to set aside its order of August 28, 1992, denying Farmers' section 170.6 challenge in Judicial Council Coordination Proceeding No. 2719 and instead to enter its order accepting that challenge.

The stay previously imposed shall remain in effect until issuance of the remittitur.

Newsom, Acting P. J., and Stein, J., concurred.

A petition for a rehearing was denied December 16, 1992, and the opinion was modified to read as printed above.

---

[4]In any case, "[a] party's acquiescence of a judge to hear one action does not impair his or her right to exercise a challange to prevent that judge from hearing another matter, even if that matter raises issues closely related to those in the first action." (*Nissan Motor Corp.* v. *Superior Court* (1992) 6 Cal.App.4th 150, 155 [7 Cal.Rptr.2d 801].)