[No. B183034. Second Dist., Div. Seven. Sept. 13, 2005.]

JEREMY BURDUSIS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RENT-A-CENTER, INC., Real Party in Interest.

COUNSEL

Bailey, Pinney, Georggin & Krutcik and A. Nicholas Georggin for Petitioner.

No appearance for Respondent.

Latham & Watkins, Joel E. Krischer, Heather L. Mayer, Keith J. Wesley and Joseph B. Farrell for Real Party in Interest.

OPINION

WOODS, J.—

## SUMMARY

In this writ proceeding, we consider whether Code of Civil Procedure section 170.6, subdivision (a)(2) permits the exercise of a peremptory challenge on remand following reversal of an order denying class certification where remand is for the sole purpose of allowing the trial court to consider the record in light of two new decisions filed after the appeal.[1] We find that no such challenge is permitted.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

## FACTUAL AND PROCEDURAL SYNOPSIS

In a prior appeal, Jeremy Burdusis challenged the trial court's order denying class certification of his labor and wage violation claims against Rent-A-Center, Inc. (RAC). The trial court denied the motion on the ground that individual factual issues predominated. "We reverse[d] and remand[ed] with directions that the trial court reconsider the motion to certify in light of two decisions not available at the time of the trial court's ruling: the Supreme Court's decision in *Sav-On Drug Stores, Inc. v. Superior Court* (2004) 34 Cal.4th 319 [17 Cal.Rptr.3d 906, 96 P.3d 194] (*Sav-On*) and *Bell v. Farmers Insurance Exchange* (2004) 115 Cal.App.4th 715 [9 Cal.Rptr.3d 544] (*Bell*)." (*Burdusis v. Rent-A-Center, Inc.* (Feb. 9, 2005, B166923) [nonpub. opn.].)

Upon remand, Burdusis filed a peremptory challenge to the original judge, and RAC objected. Finding that the matter was not remanded for a "new trial" within the meaning of section 170.6, subdivision (a)(2) and *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245 [135 Cal.Rptr.2d 639, 70 P.3d 1054] (*Peracchi*), the trial court denied the challenge.

Burdusis filed this writ petition. We issued an order to show cause and the parties briefed the matter.

## DISCUSSION

Burdusis contends that he had the right to exercise a peremptory challenge because this court's remand of the matter requires the trial court to conduct a "new trial" within the meaning of section 170.6, subdivision (a)(2). We disagree.

As relevant, subdivision (a)(2) of section 170.6 (added by amendment in 1985) provides: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a *new trial* on the matter." (Italics added.) It is the meaning of the term "new trial"—a term not defined within section 170.6 itself—that is critical to the resolution of the case before us. (*Peracchi, supra,* 30 Cal.4th at p. 1260, fn. 7.)

In *Peracchi, supra,* 30 Cal.4th 1245, our Supreme Court considered at length the policies underlying the exercise of a peremptory challenge in addressing a challenge in the context of a *criminal* case on remand for *resentencing* after a partial reversal. There, "because of the meaning of the statutory term 'new trial' in the context of criminal proceedings, and because of the nature of sentencing hearings," the *Peracchi* court concluded that no

challenge under section 170.6 is permitted when the sole task for the trial court on remand is to resentence the defendant. (*Peracchi, supra,* 30 Cal.4th at p. 1249.)

■ The court indicated, "[w]e do not perceive any anomaly in the Legislature's intent that the term 'new trial' be applied for disqualification purposes as that term is defined either by the Code of Civil Procedure or by the Penal Code, depending on the nature of the case . . . ." (*Peracchi, supra,* 30 Cal.4th at p. 1261.) As the court observed, section 656 defines a "new trial" as "a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee," and *section 656* "has been construed quite broadly." (30 Cal.4th at p. 1259.)

■ However, "[t]hat is not to say that section 170.6[, subdivision] (a)(2) should be liberally construed." (*State Farm Mutual Automobile Ins. Co. v. Superior Court* (2004) 121 Cal.App.4th 490, 498 [17 Cal.Rptr.3d 146] (*State Farm*).) "[W]ith respect to the assertion that section 170.6 must be given a liberal construction, our own cases have observed that because of the dangers presented by judge-shopping—by either party—the limits on the number and timing of challenges pursuant to this statute are vigorously enforced. [Citation.] We do not believe that the 1985 amendment of section 170.6, subdivision (a)(2) was intended to eliminate all restrictions on the challenge or to counter every possible situation in which it might be speculated that a court could react negatively to a reversal on appeal."[2] (*Peracchi, supra,* 30 Cal.4th at p. 1263.) "This is especially so given that a reviewing court has the statutory authority, either on its own motion or at the request of a party, to order that further proceedings in the trial court take place before a different judge when the interests of justice so require." (*State Farm, supra,* 121 Cal.App.4th at p. 498; and see *Peracchi, supra,* 30 Cal.4th at p. 1262, citing § 170.1, subd. (c).)

The *Peracchi* court found that the legislative history of the amendment to section 170.6 did not support the assertion that "the Legislature intended to protect, in *all* circumstances, parties who have prevailed on appeal from the presumed ire or potential bias of trial judges whose rulings have been reversed." (*Peracchi, supra,* 30 Cal.4th at p. 1261, original italics.) The "1985 amendment of section 170.6, as originally drafted, provided that a peremptory challenge could be made after reversal on appeal where the trial judge in the prior proceedings was assigned 'to rehear the matter.' (Assem. Bill No. 1213 (1985–1986 Reg. Sess.) as introduced Mar. 4, 1985, § 1.) A

---

[2] In at least one court's view, in *Peracchi,* "the California Supreme Court broke the pattern of appellate decisions advancing ever more generous interpretations of the term 'new trial' in section 170.6[, subdivision] (a)(2)." (*Paterno v. Superior Court* (2004) 123 Cal.App.4th 548, 558 [20 Cal.Rptr.3d 282].)

subsequent version of the bill replaced 'to rehear the matter' with 'for a new trial,' thus limiting the scope of peremptory challenges to 'new trials' that follow reversal on appeal. (See Assem. Bill No. 1213 (1985–1986 Reg. Sess.) as amended May 15, 1985, § 1.)" (*State Farm, supra,* 121 Cal.App.4th at p. 499; see also *Peracchi, supra,* 30 Cal.4th at p. 1262.)

■  In *State Farm, supra,* 121 Cal.App.4th at page 497, the court summarized the circumstances in which section 170.6, subdivision (a)(2) has been held to apply; in the civil context, the cases were as follows: (1) reversal of a summary judgment motion on the merits; (2) remand for an evidentiary hearing and factual determination after a bench trial in a civil action where the judgment was reversed on appeal; and (3) dismissal of a civil action at the pleading stage where the matter was remanded for a factual determination on the merits of the defendants' anti-SLAPP motion. (*Geddes v. Superior Court* (2005) 126 Cal.App.4th 417, 424 [23 Cal.Rptr.3d 857] (*Geddes*).)  ■  In contrast, in resolving a motion for class certification, "the trial court may *not* evaluate the merits of the class plaintiff's claim. (*Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096, 1107 [131 Cal.Rptr.2d 1, 63 P.3d 913].)" (*Burdusis v. Rent-A-Center, Inc., supra,* B166923, italics added.)

■  In each of these situations, the remand was from review of a decision that either addressed the merits or otherwise terminated the case. The significance of this fact lies in the definition of new trial (§§ 656, 657). Ordinarily, a motion for a new trial is preceded by a trial, which is, in most instances, an examination of law and fact resulting in a judgment. (*State Farm, supra,* 121 Cal.App.4th at p. 500.) This definition is not exclusive, however, and "[t]he question of whether a given proceeding '. . . "constitutes a 'trial' usually depends upon the language and purpose of the particular statute[, here section 170.6(a)(2)]." ' [Citation]" (*Ibid.*)

■  Applying the statutory definitions of trial and new trial to the principles underlying the peremptory challenge provision, the *State Farm* court concluded that a pretrial motion that neither reached the merits of the controversy, nor terminated the action, was not a trial that would trigger section 170.6, subdivision (a)(2). This determination was in full accord with earlier and subsequent authority. (See, e.g., *Stubblefield Construction Co. v. Superior Court* (2000) 81 Cal.App.4th 762, 765–766 [97 Cal.Rptr.2d 121] [no full trial, but entry of judgment]; *Paterno v. Superior Court, supra,* 123 Cal.App.4th 548 [fully tried matter]; *Geddes, supra,* 126 Cal.App.4th 417, 424 [grant of summary judgment].) We agree.

■  Where, as here, the proceeding in the trial court did not address the merits, nor did it terminate the action, there has been no trial. We need not address or resolve the different characterizations of the task to be performed

by the trial court in accordance with our earlier decision; because there was no trial, our mandate could not require a retrial. Thus, there was no basis for the filing of the peremptory challenge, and the court properly denied it.

## DISPOSITION

The petition is denied. Each side is to bear its own costs.

Perluss, P. J., and Zelon, J., concurred.

Petitioner's petition for review by the Supreme Court was denied December 14, 2005, S138888.