49 Cal.Rptr.3d 296 (2006)
143 Cal.App.4th 310
FIRST FEDERAL BANK OF CALIFORNIA, Appellant,
v.
SUPERIOR COURT for the State of California, County of Los Angeles, Respondent;
Prestige of Beverly Hills, Inc., Real Party in Interest and Appellant.
No. B191287.
Court of Appeal of California, Second District, Division Seven.
September 25, 2006.
Epport, Richman & Robbins, Steven N. Richman and Lawrence A. Abelson, Los Angeles, for Petitioner.
No appearance for Respondent.
Law Offices of Frank A. Satalino and Frank A. Satalino for Real Party in Interest.
*297 ZELON, J.
Petitioner, First Federal Bank of California, seeks a writ of mandamus, asserting that the denial of its peremptory challenge after remand from this Court violated Code of Civil Procedure section 170.6. Because our remand required the trial court to conduct additional proceedings on the issue of attorney's fees, we find the peremptory challenge should have been allowed, grant the writ, and remand.

FACTUAL AND PROCEDURAL BACKGROUND
This matter began as an action by real party in interest, Prestige of Beverly Hills, Inc. (Prestige) against Petitioner First Federal Bank of California (First Federal) for breach of contract, breach of California Uniform Commercial Code section 4401, negligence and conversion.[1] Following First Federal's successful motion for summary judgment and award of attorney's fees, this court reversed and remanded the matter to the trial court. After jury trial, the court entered judgment for First Federal, but denied its motion for attorney's fees as a matter of law. Both parties appealed to this Court, which affirmed the judgment, but reversed the determination that First Federal was not entitled to attorney's fees and remanded for further proceedings on that motion.
After remand, the matter was returned to the trial judge who had presided over the jury trial and motion for attorney's fees. Citing Code of Civil Procedure section 170.6[2], First Federal filed a peremptory challenge. On May 18, 2006, the court denied the motion, finding that the remand was not for a new trial because the sole issue to be decided was the amount of attorney's fees to be awarded. First Federal filed this Petition for Writ of Mandate on May 26, 2006. The parties fully briefed the matter after this Court issued an order to show cause.

DISCUSSION
First Federal asserts that its motion for disqualification should have been granted pursuant to 170.6, subdivision (a)(2),[3] which allows a successful party on appeal to file a peremptory challenge after reversal when the same trial judge is assigned to conduct a new trial on remand. Section 170.6 allows such a challenge to avoid potential bias by a judge reversed on appeal. (Geddes v. Superior Court (2005) 126 Cal. App.4th 417, 423, 23 Cal.Rptr.3d 857 (Geddes).)
The scope of the right turns on the definition of the term "retrial." This is not an issue that has proved capable of mechanical application. Where the task to be performed on remand is merely ministerial in nature, there is no retrial within the meaning of the statute. (Stegs Investments v. Superior Court (1991) 233 Cal. App.3d 572, 575, 284 Cal.Rptr. 495.) However, "the applicability of [170.6] does not turn on [ ] whether the issue(s) to be resolved on remand are limited, but what the court must do to resolve them." (Id. at p. 576, 284 Cal.Rptr. 495.)
*298 First Federal contends that the statute must be broadly construed to avoid any potential bias, and that, in any event, determination of the amount of attorney's fees to be awarded is not ministerial in nature. Prestige contends that the task before the trial court is ministerial in nature, in light of the fact that the legal determination of entitlement has been made by this Court and cannot be revisited. Moreover, Prestige asserts that no reexamination of the facts will take place, as the trial court never considered the facts in making its initial determination.
While the statute is silent as to the meaning of the term "new trial," we do not write on a clean slate. The Supreme Court has rejected the notion, asserted by petitioner, that the statute is to be given a liberal construction, citing the danger of judge shopping posed by its provisions. (Peracchi v. Superior Court (2003) 30 Cal.4th 1245, 1263, 135 Cal.Rptr.2d 639, 70 P.3d 1054 (Peracchi).) This court has examined the matter as well, and has examined the views of other courts that have addressed the issue. The analysis requires a determination of whether there has been a trial, and whether there will be a retrial. We have previously concluded that the dividing line in determining whether there had been a trial was whether the trial court's initial decision had "either addressed the merits or otherwise terminated the case." (Burdusis v. Superior Court (2005) 133 Cal.App.4th 88, 93, 34 Cal.Rptr.3d 575 (Burdusis).) We have also addressed the issue of retrial, concluding that a retrial is a "`reexamination' of a factual or legal issue that was in controversy in the prior proceeding. [Citations]" (Geddes, supra 126 Cal.App.4th at p. 424, 23 Cal.Rptr.3d 857.)
Prestige urges this Court to follow Paterno v. Superior Court (2004) 123 Cal. App.4th 548, 20 Cal.Rptr.3d 282. Paterno, however, does not assist in the decision of the case before us. That case involved a complex series of trials, in which two groups of plaintiffs participated in inverse condemnation proceedings; liability had been formally severed from damages. The group of plaintiffs who sought to disqualify the trial court after remand had not participated in the liability trial, but was nonetheless bound by the factual and legal determinations, excepting damages. (Id. at p. 552, 20 Cal.Rptr.3d 282.) Thus they came before the trial court on an issue that had not been before that court in any form.
The Paterno Court concluded, based on the Supreme Court's decision in Peracchi, (Peracchi, supra, 30 Cal.4th 1245, 135 Cal. Rptr.2d 639, 70 P.3d 1054) that the statute could not properly be broadly construed. (Paterno v. Superior Court, supra, 123 Cal.App.4th at p. 558, 20 Cal.Rptr.3d 282.) Examining the meaning of new trial, the court concluded that 170.6 applies only where the trial court is called upon "to reexamine issues litigated in the prior proceeding" (id. at p. 561, 20 Cal.Rptr.3d 282), a conclusion shared by this Court in Geddes. (Geddes, supra, 126 Cal.App.4th at p. 424, 23 Cal.Rptr.3d 857.) Given the procedural posture of Paterno, however, no reexamination was required as neither the plaintiffs, nor any of the factual or legal issues relating to damages, had been before the trial court. The same is not true here where, on remand, the trial court must return to the very motion it denied, and on which it was reversed.
As with the summary judgment considered in Stubblefield Construction Co. v. Superior Court (2000) 81 Cal.App.4th 762, 765-766, 97 Cal.Rptr.2d 121, the trial court in this case made a legal determination that did not require it to review the facts; the court having erred in the "crucial decision of law" (id. at p. 766, 97 Cal.Rptr.2d *299 121), the proceedings on remand are properly considered a new trial within the meaning of the statute. The determination required is unlike the action required to state the reasoning for a summary judgment (Geddes, supra, 126 Cal.App.4th 417, 23 Cal.Rptr.3d 857) or to consider new authority concerning class certification (Burdusis, supra, 133 Cal.App.4th 88, 34 Cal.Rptr.3d 575).
Here, it is clear that there was a trial, even limiting the examination to the attorney's fees motion. The trial court made a determination on the merits that First Federal was not entitled to recover its attorney's fees. Reversing that order, we remanded for a hearing on the amount to be awarded, a hearing that will require the presentation of evidence and factual and legal determinations as to the nature and amount of the fees sought. Such a reexamination of an issue previously in controversy is a retrial. The trial court erred in rejecting the motion.

DISPOSITION
The writ is granted and the matter remanded for reassignment to make the determinations required by our prior opinion in this matter. Petitioner is to recover its costs on appeal.
I concur: JOHNSON, J.
PERLUSS, P.J., Dissenting.
I respectfully dissent.
Following a jury verdict in favor of First Federal Bank of California (First Federal) in a lawsuit filed by Prestige of Beverly Hills, Inc. (Prestige) against First Federal for breach of contract and violation of the California Uniform Commercial Code, First Federal filed a motion for attorney fees, arguing it was entitled to recover fees as the prevailing party under its contractual agreements with Prestige, as well as several provisions of the Commercial Code. The trial court denied the motion without stating a basis for its decision. On appeal we reversed, holding the trial court had erred as a matter of law in declining to award attorney fees under the indemnity provision in the parties' account agreement. (Prestige of Beverly Hills, Inc. v. First Federal Bank of California (Feb. 6, 2006, B175403), 2006 WL 278995 [nonpub. opn.].) In reaching that decision, we emphasized that no conflicting extrinsic evidence had been offered to interpret the relevant fee provisions and no facts were in dispute. Accordingly, we reviewed the trial court's ruling on the motion de novo. In light of our reversal, we remanded the matter "for further proceedings in connection with First Federal's motion for attorneys' fees"  that is, for the trial court to determine the amount of fees to which First Federal was entitled.
In Geddes v. Superior Court (2005) 126 Cal.App.4th 417, 423-424, 23 Cal.Rptr.3d 857 (Geddes), we held "Section 170.6[1] applies only where the matter is to be retried, not where it is remanded with instructions that require the trial court to complete a judicial task not performed in the prior proceeding. In the context of this statute, a retrial is a `reexamination' of a factual or legal issue that was in controversy in the prior proceeding." (Footnote omitted.) In support of that proposition we cited both section 656 (["A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee"]) and Paterno v. Superior Court (2004) 123 Cal. App.4th 548, 20 Cal.Rptr.3d 282 (Paterno), which held section 170.6, subdivision (a)(2), does not authorize a peremptory challenge following the reversal of a defense *300 judgment on liability issues and remand for a trial on damages: "In the present case, our remand requires no reopening or reconsideration of issues litigated in prior proceedings conducted by Judge Golden. All liability issues have been fully and finally settled by our decision in Paterno II. The only task the judge must complete is to conduct a trial to determine the amount of damages petitioners have suffered . . . . Judge Golden's function at this point is not to go back and revisit any factual or legal terrain that has thus far been traversed, but to go forward with a trial on the issue of damages." (Paterno, at p. 560, 20 Cal.Rptr.3d 282.)
Our remand for a determination of the amount of attorney fees to which First Federal is entitled following the reversal of the trial court's determination Prestige was not liable for any such fees under the parties' contract is, in my view, indistinguishable from the situation in Paterno, supra, 123 Cal.App.4th 548, 20 Cal.Rptr.3d 282, where damages were to be considered for the first time on remand. Here, the trial court apparently interpreted the relevant contracts as a matter of law (see, e.g., Parsons v. Bristol Development Co. (1965) 62 Cal.2d 861, 865, 44 Cal.Rptr. 767, 402 P.2d 839 [it is "solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of extrinsic evidence"]) and concluded no attorney fees could be recovered without addressing any factual issues relating to First Federal's motion (that is, without considering the nature and amount of fees requested or determining whether the fees sought were reasonable). The initial hearing on the attorney fees motion was unquestionably a "trial" within the meaning of our decision in Burdusis v. Superior Court (2005) 133 Cal.App.4th 88, 34 Cal. Rptr.3d 575, because it "addressed the merits or otherwise terminated the case." (Id. at p. 93, 34 Cal.Rptr.3d 575.) However, the trial court on remand is not free to reexamine the legal issue previously in controversy (that is, whether the account agreement authorizes the award of fees). In addition, because the court never reached any of the factual issues relating to the merits of First Federal's motion, there can be no "reexamination" of factual issues on remand. Accordingly, there is no "retrial" within the meaning of section 170.6, subdivision (a)(2). (See § 656; Geddes, supra, 126 Cal.App.4th at p. 424, 23 Cal.Rptr.3d 857; Paterno, supra, 123 Cal. App.4th at p. 560, 20 Cal.Rptr.3d 282 ["section 656 leaves no doubt that a new trial must consist of a `reexamination.' In order to conduct a reexamination, a court must revisit some factual or legal issue that was in controversy in the prior proceeding."].)[2]
I certainly understand First Federal might be concerned that, after initially concluding as a matter of law no attorney *301 fees should be awarded in this case, the trial court following our reversal and remand may question its fee request more closely than it would under other circumstances. But the Supreme Court has cautioned, "Protecting parties from the bias that a trial judge might exhibit after a reversal is a laudable goal, but one that does not take precedence over every other element of a fair trial. There is no indication that the Legislature intended section 170.6, subdivision [(a)](2) to permit a peremptory challenge whenever there exists even a potential for bias arising out of a judge's reaction to being reversed on appeal. . . ." (Peracchi v. Superior Court (2003) 30 Cal.4th 1245, 1262, 135 Cal. Rptr.2d 639, 70 P.3d 1054; see Geddes, supra, 126 Cal.App.4th at pp. 424-425, 23 Cal.Rptr.3d 857 [hypothetical risk trial court could react adversely to appellate court reversal of its initial decision, standing alone, is insufficient basis to expand scope of peremptory challenge under § 170.6, subd. (a)(2)].)
As a general rule, it is the trial judge who actually presided over the case that is in the best position to determine the value of professional services rendered in the matter. (See Serrano v. Priest (1977) 20 Cal.3d 25, 49, 141 Cal.Rptr. 315, 569 P.2d 1303 ["The `experienced trial judge is the best judge of the value of professional services rendered in his court . . . .' [Citations.]"]; Olson v. Cohen (2003) 106 Cal. App.4th 1209, 1217, 131 Cal.Rptr.2d 620.) Absent statutory language or legislative history that more clearly supports permitting a peremptory challenge directed to that judge in the circumstances of this case, I would deny the petition for a peremptory writ. (See Peracchi v. Superior Court, supra, 30 Cal.4th at p. 1263, 135 Cal.Rptr.2d 639, 70 P.3d 1054["[W]ith respect to the assertion that section 170.6 must be given a liberal construction, our own cases have observed that because of the dangers presented by judge-shopping by either partythe limits on the number and timing of challenges pursuant to this statute are vigorously enforced"].)
NOTES
[1] The summary of facts is drawn from our prior opinion in Prestige of Beverly Hills, Inc. v. First Federal Bank of California et al. (February 6, 2006, B175403), 2006 WL 278995 [nonpub. opn.].
[2] All further statutory references are to the Code of Civil Procedure.
[3] Section 170.6, subdivision (a)(2) provides: "A motion under this paragraph may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a new trial on the matter."
[1] Statutory references are to the Code of Civil Procedure.
[2] The analysis in Stubblefield Construction Co. v. Superior Court (2000) 81 Cal.App.4th 762, 97 Cal.Rptr.2d 121, upon which the majority relies, does support its conclusion the proceedings on remand in this case are properly considered a new trial within the meaning of section 170.6, subdivision (a)(2). However, Stubblefield was decided prior to Peracchi v. Superior Court (2003) 30 Cal.4th 1245, 135 Cal.Rptr.2d 639, 70 P.3d 1054, which, although a criminal case, broke the trend of appellate decisions advancing increasingly expansive interpretations of the term "new trial" in section 170.6, subdivision (a)(2), based on its examination of both the actual language and legislative history of that provision. (See Paterno, supra, 123 Cal.App.4th at p. 558, 20 Cal.Rptr.3d 282.) In my view both Stubblefield and the holding of the majority in this case are inconsistent with the Supreme Court's view of the proper interpretation of section 170.6, subdivision (a)(2), as discussed in Peracchi, as well as with our own, post-Peracchi decision in Geddes, supra, 126 Cal. App.4th at pages 423-425, 23 Cal.Rptr.3d 857.