Filed 9/25/24  KBC Capital v. Superior Court CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| KBC Capital LLC,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>        Respondent;<br><br>PETER STARFLINGER,<br><br>        Real Party in Interest. | D083892<br><br><br><br>(Super. Ct. No. 37-2017-00023394-CU-CO-CTL) |

ORIGINAL PROCEEDING on petition for writ of mandate.  Relief granted.

Finch, Thornton & Baird, Louis J. Blum and David S. Demian, for petitioner.

No appearance by Respondent.

Klinedinst, Greg A. Garbacz, Benjamin C. Wohlfeil and Robert M. Shaughnessy, for Real Party in Interest.

INTRODUCTION

This is the second time this case comes to us for appellate review. The first time Peter Starflinger prevailed in his appeal from the original judgment. He claimed the trial court erred when it denied his request for a bench trial on his request for specific performance of his contract with KBC Capital LLC (KBC), the remaining defendant in this action. We agreed with Starflinger that "[t]he trial court erred in failing to reach the merits of Starflinger's claim for specific performance. So we remanded for "further proceedings."

Shortly after we rendered our opinion, Starflinger filed a peremptory challenge to the judge who had presided over the underlying proceedings, the Honorable Richard S. Whitney. Judge Whitney granted Starflinger's challenge and the case was reassigned. KBC has now petitioned for writ of mandate, contending the peremptory challenge should not have been granted.

Section 170.6, subdivision (a)(2), of the Code of Civil Procedure[1] allows a peremptory challenge following reversal on appeal of a trial court's final judgment, but a challenge is allowed only "if the trial judge in the prior proceeding is assigned to conduct a *new trial* on the matter." (Italics added.) The question presented here then is whether our remand instructions directed Judge Whitney to conduct a "new trial" on the merits of Starflinger's specific performance claim. We conclude they did not.

As explained below, we did not and could not have remanded for a new trial within the meaning of section 170.6(a)(2), because there was no prior trial on the merits of Starflinger's specific performance claim. This is because

---

[1]    Hereinafter, section 170.6(a)(2). Further undesignated statutory references are to the Code of Civil Procedure.

2

Judge Whitney *severed* the trial of KBC's election of remedies defense from the trial of the merits of Starflinger's specific performance claim and did not address the merits of that claim. (§§ 597–598, 1048, subd. (b).) Without a prior trial, there can be no new trial. The peremptory challenge was therefore improper. We reverse the trial court's order reassigning the case.

PROCEDURAL BACKGROUND

Starflinger sued KBC for breach of contract, among other causes of action. In his operative complaint, Starflinger alleged KBC breached a contract to sell a commercial office building to him. He requested damages and specific performance of the contract in the alternative.

In its answer, KBC alleged estoppel as an affirmative defense. KBC subsequently specified it contended Starflinger was estopped from seeking specific performance pursuant to the doctrine of election of remedies.

Starflinger prevailed on the contract cause of action before the jury, which awarded him $300,000 in damages.

After trial, the parties disputed whether Starflinger was entitled to specific performance under the contract and how the trial court should proceed to adjudicate his claim. KBC asserted there was no merit to Starflinger's specific performance claim. In addition, KBC continued to assert Starflinger was estopped from seeking specific performance pursuant to the doctrine of election of remedies. In KBC's view, Starflinger had irrevocably elected the remedy of damages by proceeding to verdict before the jury.

Significantly, the trial court decided to address the merits of Starflinger's claim and KBC's affirmative defense *separately*. To that end, the court directed the parties to file briefs limited to the election of remedies issue. The court specifically decided to rule on the election of remedies

3

defense first, and then, depending on the ruling, to conduct an equitable bench trial on the question of specific performance only if necessary.

The trial court followed the procedure it directed and conducted a hearing on the election of remedies issue. Consistent with the briefing schedule it set, the court explained the issue presented was whether specific performance was still available to Starflinger as a "surviving remedy," and whether it should or should not "grant the request to do, basically, a Phase Two bench trial on the issue of equity."

After the hearing, the trial court issued a written ruling on the election of remedies defense. The court concluded (erroneously) that Starflinger had elected the remedy of damages. The court's written ruling specifically denied "a further bench trial," stating, "[t]he request for an equitable bench trial on the issue of specific performance is **DENIED**."

Starflinger appealed. And we reversed the trial court's ruling that Starflinger had elected his remedy. As we explained in our prior opinion, Judge Whitney's ruling below was limited to KBC's election of remedies defense. He did not reach the merits of Starflinger's specific performance claim. We explicitly held, "The trial court erred in failing to reach the merits of Starflinger's claim for specific performance."

Our disposition order remanded with directions to "hold further proceedings on Starflinger's claim for specific performance." As noted, Starflinger filed a peremptory challenge to Judge Whitney promptly after the case was remanded. Judge Whitney granted Starflinger's motion and the case was assigned to another judge. KBC petitioned for writ of mandate.

DISCUSSION

"In California, parties in both civil and criminal actions may disqualify an assigned judge without a showing of good cause on the basis of an affidavit

4

asserting that the party believes the judge is biased." (*Paterno v. Superior Court* (2004) 123 Cal.App.4th 548, 555 (*Paterno*).) Section 170.6(a)(2) governs the exercise of such peremptory challenges. If a motion pursuant to section 170.6 is properly filed in a timely manner, a new judge *must* be assigned "to try the cause or hear the matter." (§ 170.6, subd. (a)(4).) The decision is not subject to judicial discretion. (*Ziesmer v. Superior Court* (2003) 107 Cal.App.4th 360, 363 (*Ziesmer*).)

Relevant here, a peremptory challenge to a judicial officer assigned to preside over a case "may be made following reversal on appeal of a trial court's decision, or following reversal on appeal of a trial court's final judgment, if the trial judge in the prior proceeding is assigned to conduct a *new trial* on the matter." (§ 170.6, subd. (a)(2), italics added.) Thus, the reassignment order here was proper if Judge Whitney was required to conduct a new trial within the meaning of section 170.6(a)(2); it was improper if he was not. Our review is de novo.[2] (*Ziesmer, supra,* 107 Cal.App.4th at p. 363.)

We start with the definition of "new trial." Our high court has explained the term "'new trial" as used in section 170.6(a)(2) "should be interpreted by reference to the definition the term is given in the Code of

---

[2]      Some courts have applied the abuse of discretion standard to review a court's grant or denial of a section 170.6(a)(2) motion while others have conducted de novo review. (*People v. Superior Court (Tejeda)* (2016) 1 Cal.App.5th 892, 901 (*Tejeda*).) We believe the independent standard of review is appropriate here given our prior opinion has already resolved the only factual question presented: whether the trial court considered the merits of Starflinger's specific performance claim. As a consequence, the correctness of the disqualification order requires the application of law to undisputed facts. (*Jane Doe 8015 v. Superior Court* (2007) 148 Cal.App.4th 489, 493.) Nevertheless, under either standard we find error.

Civil Procedure or the Penal Code, depending on which code applies." (*Akopyan v. Superior Court* (2020) 53 Cal.App.5th 1094, 1100, citing *Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1261.)  In civil cases, the definition of a "new trial" is the "*re-examination"* of a factual or legal issue "in the same court after a *trial* and decision by a jury, court or referee."  (§ 656, italics added; see *Paterno, supra,* 123 Cal.App.4th at pp. 559–560; *Carney v. Simmonds* (1957) 49 Cal.2d 84, 90 [holding that, in addition to the retrial of factual issues, a "new trial" includes the retrial of legal issues].)  The analysis of whether a new trial has taken place within the meaning of section 170.6 thus requires a determination, using this definition, of "whether there has been a trial, and whether there will be a retrial."  (*First Federal Bank of California v. Superior Court* (2006) 143 Cal.App.4th 310, 314 (*First Federal*).)

Thus, based on this authority, we must decide whether our remand order required the trial court to conduct a retrial of an issue that was previously "in controversy" or a separate and independent trial of new matter in the first instance.  (*Paterno*, *supra*, 123 Cal.App.4th at p. 560.)  Courts have often struggled in the face of various types of proceedings to find and articulate the precise dividing line in determining whether remand will result in a retrial.  (See e.g., *First Federal, supra,* 143 Cal.App.4th at pp. 316–317 (dis. opn. of Perluss, P.J.).)  Our inquiry in the instant case, however, is straightforward.  This is because the court *severed* the trial of KBC's election of remedies defense from the trial of Starflinger's request for specific performance.  We see this fact to be dispositive.

Trial courts are empowered pursuant to fundamental rules of civil procedure to "order a separate trial of any cause of action, including a cause of action asserted in a cross-complaint, *or of any separate issue* or of any number of causes of action or issues."  (§ 1048, subd. (b), italics added.)  The

6

authority to separately try issues and even sub-issues is not limited to the traditional bifurcation of liability and damages issues. Section 597 authorizes the trial of affirmative defenses not involving the merits of the plaintiff's cause of action before conducting the trial of other issues. And section 598 provides trial court judges with truly broad authorization to sever for separate trial "any other issue *or part thereof*" from other issues in the case. (§ 598, italics added; see e.g., *Bly-Magee v. Budget Rent-A-Car Corp.* (1994) 24 Cal.App.4th 318, 321 [bifurcating the trial of a discreet but potentially dispositive agency issue from the trial of the remaining liability issues presented by the pleadings and damages].)

Here, Judge Whitney initially severed the case into a two-phase trial. First, the legal issues of liability and damages were to be tried to the jury. Then, if necessary, Starflinger's equitable claim for specific performance was to be tried to the court.

After the jury's verdict, however, Judge Whitney further severed the issues, setting up a two-step process for adjudicating the remaining equitable issues. He directed the parties to brief KBC's affirmative defense that Starflinger had elected his remedies, and he stated that he would conduct an evidentiary hearing and adjudicate the merits of the specific performance claim itself only if necessary.

Judge Whitney followed the procedure he ordered. He conducted a trial of KBC's election-of-remedies defense, but he then refrained from conducting a trial of Starflinger's specific performance claim. This was because he believed KBC had met its burden of proving its affirmative defense. The merits of Starflinger's specific performance claim as a consequence were not at issue during any of the proceedings that actually took place below. Judge Whitney did not direct briefing or take evidence on this question, and he did

7

not proceed to the second step of the procedure he set up. (§§ 597–598, 1048, subd (b).) Thus, our remand order did not direct the reexamination or retrial of any issue previously in controversy.

*Paterno* addressed an analytically indistinguishable situation. There, coordinated proceedings were brought by a large number of plaintiffs. By stipulation and order, the parties divided the plaintiffs into two groups, the sample plaintiffs and the nonsample plaintiffs, with trial of the sample plaintiffs' cases to be held first. The parties also agreed to bifurcate the liability and damages issues "such that all liability issues were to be determined prior to any adjudication of damages." (*Paterno, supra*, 123 Cal.App.4th at p. 552.) The parties later agreed, by stipulated order again, "that the cases of the sample plaintiffs would be severed and proceed to final judgment," and "[t]he factual and legal determinations rendered in the sample plaintiffs' cases would control the disposition of the nonsample plaintiffs' cases, except for the issue of damages." (*Ibid*.)

The trial court in *Paterno* thus ordered separate trials of separate issues for the nonsample plaintiffs, with adjudication of the second set of issues contingent on the outcome of the first set of issues. The first trial, on liability, was to be rendered in the sample plaintiffs' cases and would control the resolution of liability in the nonsample cases. The second trial, on damages, was to take place only if liability were established at the first one. (*Paterno, supra,* 123 Cal.App.4th at p. 552.)

After conducting the first trial, on liability, the trial court rendered judgment against the plaintiffs and in favor of the defense. The defendants appealed and obtained a reversal. The Court of Appeal remanded "with directions to enter judgment for [the sample plaintiffs] and conduct such further proceedings as are necessary to determine the damages of nonsample

8

plaintiffs." (*Paterno, supra,* 123 Cal.App.4th at p. 552, italics omitted.) Upon remand, several nonsample plaintiffs filed section 170.6(a)(2) motions, which the trial judge denied. (*Id.* at pp. 552–553.)

The *Paterno* court affirmed the denial of the plaintiffs' peremptory challenges on the ground that its remand order did not direct a retrial. The Court of Appeal explained, "In the present case, our remand requires no reopening or reconsideration of issues litigated in prior proceedings conducted by [the original trial court judge]. All liability issues have been fully and finally settled by our [prior appellate decision]. The only task the judge must complete is to conduct a trial to determine the amount of damages petitioners have suffered as a result of the flood, and to enter judgment accordingly. [The trial court judge's] function at this point is not to go back and revisit any factual or legal terrain that has thus far been traversed, but to go *forward* with a trial on the issue of damages." (*Paterno, supra,* 123 Cal.App.4th at p. 560.)

The same is true here. All issues relating to KBC's election of remedies defense were fully and finally settled by our prior opinion. The only task remaining for the trial court at this point is to go forward and conduct a trial on the merits of Starflinger's specific performance claim, a question it severed and did not reach during the earlier proceedings. The court cannot conduct a retrial of a question that it severed and was never placed in controversy.

Starflinger contends his case is analogous to those holding a peremptory challenge on remand is proper even if trial on remand involves a single issue and especially if the original judgment was based on a " 'crucial decision of law.' " It is true, as Starflinger contends, "the applicability of [section 170.6(a)(2)] does not turn on . . . whether the issue(s) to be resolved

9

on remand are limited, but what the court must do to resolve them. . . .  If . . . the court must conduct an actual retrial, even if that trial involves only one issue, the court may be disqualified upon a timely affidavit filed pursuant to section 170.6." (*Stegs Investments v. Superior Court* (1991) 233 Cal.App.3d 572, 576; see also *Stubblefield Const. Co. v. Superior Court* (2000) 81 Cal.App.4th 762, 766 [applying *Stegs* to a "partial reversal" of summary judgment based on a "crucial decision of law"].)

The cases cited by Starflinger, however, do not involve issues that were to be tried and adjudicated separately, as was the case here.  Judge Whitney—within the bounds of his wide discretion—could have tried Starflinger's specific performance claim and KBC's affirmative defense together, thus placing both issues in controversy at the same time during the proceedings below.  *Had he done so*, we would agree with Starflinger's position at oral argument that the specific performance claim would have been placed "in controversy" even if the court's ruling did not reach the merits of the specific performance claim and addressed KBC's election of remedies defense only.  But this is not what happened.  Judge Whitney severed the two issues; he did not try them together.[3]

---

[3]    In making this argument, Starflinger relies heavily on *First Federal*, *supra*, 143 Cal.App.4th 310.  We find *First Federal* to be unhelpful because it does not provide enough information to assess the precise contours of the issues placed in controversy by the post-judgment motion for attorney's fees at issue there.  For example, according to the majority opinion in *First Federal*, "the trial court . . . made a legal determination that did not require it to review the facts." (*First Federal,* at p. 314.)  We cannot tell from this statement or any others in the opinion whether the trial court had both questions before it at the same time, i.e., whether the legal issue of entitlement to attorney's fees as well as the factual issue of the amount and reasonableness of the fees incurred were both briefed or whether the court asked the parties to brief the first question and reserved briefing on the

Starflinger alternatively asserts the adjudication of his specific performance claim will be a retrial, because KBC's specific performance claim was purportedly placed "in controversy" *by KBC* when KBC submitted merits briefing against Judge Whitney's directive. According to Starflinger, "The fact that [KBC] placed the merits issues into controversy is sufficient to consider the further proceedings in this case a retrial." But it was *Starflinger* who disregarded Judge Whitney's direction and argued the merits of his specific performance claim below. KBC did not argue the merits. KBC asserted that a trial on the merits, *if one were one to be had*, "would require significant presentation of testimony and argument." In any event, we find no merit to Starflinger's contention that a party can place an issue in controversy by briefing it despite a trial court's clear directive to refrain from doing so.

Finally, although our issuance of the order to show cause reflected our determination that KBC satisfied the prerequisites for writ review (*Marron v. Superior Court* (2003) 108 Cal.App.4th 1049, 1056), Starflinger argues in its return that KBC is not entitled to writ review, because it failed to establish irreparable harm. We thus briefly explain our reasoning.

In our view, irreparable harm is "obvious in the context of judicial disqualification." (*Tejeda, supra*, 1 Cal.App.5th at p. 900.) "Section 170.6 would ring hollow if the moving party were required to prove in a writ petition that the disqualification motion would actually make a difference in the outcome of the case (an inherently speculative enterprise) or that the moving party could not successfully move to disqualify the trial judge for

---

second question pending resolution of the first. Without this information, *First Federal* does not assist us.

cause under section 170.3 (a showing that would undermine § 170.6 by requiring the party to disclose the specific reason for believing the judge was not fair and impartial and to explain why evidence could not be marshaled to disqualify the judge for cause)." (*Ibid.*)

## DISPOSITION

The petition for writ of mandate is granted. The order disqualifying Judge Whitney is vacated. On remand, respondent court is directed to reassign the matter to Judge Whitney to conduct a trial on Starflinger's specific performance claim. Costs are awarded to KBC. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

DO, Acting P. J.

WE CONCUR:


BUCHANAN, J.


CASTILLO, J.

12