65 Cal.App.3d 904 (1977)
135 Cal. Rptr. 695
CATHY CHAMBERS et al., Plaintiffs and Respondents,
v.
THE MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT JUDICIAL DISTRICT OF ALAMEDA COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Appellant. VALERIE ALMA LITTLETON et al., Plaintiffs and Respondents,
v.
THE MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT JUDICIAL DISTRICT OF ALAMEDA COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Appellant.
Docket Nos. 36891, 38697.
Court of Appeals of California, First District, Division Four.
January 14, 1977.
*907 COUNSEL
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg, Clifford K. Thompson, Jr., and Martin S. Kaye, Deputy Attorneys General, for Real Party in Interest and Appellant.
James C. Hooley, Public Defender, John M. Pace, Craig Goldman, Michael G. Millman and Robert H. Betzenderfer, Assistant Public Defenders, for Plaintiffs and Respondents.
Paul N. Halvonik, State Public Defender, Clifton R. Jeffers, Chief Assistant State Public Defender, and Philip A. Schnayerson, Deputy State Public Defender, as Amici Curiae on behalf of Plaintiffs and Respondents.
No appearance for Defendant and Respondent.
OPINION
CHRISTIAN, J.
The People have appealed from judgments for issuance of writs of prohibition restraining the municipal court (Oakland-Piedmont) from entertaining criminal proceedings against Cathy Chambers and Beverly Titus in one case and against Valerie Alma Littleton and Pamela Sheryl Gurske in the other case for allegedly violating Penal Code section 416 (refusal to disperse).
The superior court issued writs after respondents had in the municipal court demurred to the face of the criminal complaints against them. The circumstances surrounding their arrest and the attempted application of the statute by the police are not matters of record.
(1) A writ of prohibition is a proper remedy to restrain a criminal prosecution, prior to trial, where the prosecution is based upon a law or ordinance invalid on its face. (Witkin, Cal. Criminal Procedure (1963) Habeas Corpus and Other Extraordinary Writs, § 776, p. 752.) A court may issue a writ of prohibition where (1) the trial court has determined that it has jurisdiction of the matter, (2) the defendant does not have *908 available a plain, speedy, and adequate remedy at law, and (3) the constitutionality of the questioned ordinance raises a sufficiently vital question. (Moore v. Municipal Court (1959) 170 Cal. App.2d 548 [339 P.2d 196]; Code Civ. Proc., § 1103.) Respondents are facing trial under Penal Code section 416[1] which they claim is on its face unconstitutionally overbroad and vague and vests the police with excessive discretion. They do not have an adequate remedy at law. The requirement that "a defendant in a criminal case stand trial by a court which acts without or in excess of its jurisdiction [by prosecuting under an unconstitutional statute] is an imposition of personal hardship upon the defendant and a futile expense to the public." (Moore, supra, at p. 552; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 40, p. 3815.) If the statute was void on its face, it was proper for the superior court to issue a writ of prohibition.
The right to freely assemble and associate with others is a fundamental right protected by the First Amendment to the United States Constitution and section 10 of article I of the California Constitution. (2) But this freedom may be regulated by statute in order to preserve public peace and order. (Feiner v. New York (1951) 340 U.S. 315 [95 L.Ed. 267, 71 S.Ct. 303]; Colten v. Kentucky (1972) 407 U.S. 104 [32 L.Ed.2d 584, 92 S.Ct. 1953]; In re Brown (1973) 9 Cal.3d 612 [108 Cal. Rptr. 465, 510 P.2d 1017].) Reasonable restrictions may be placed on the time, place, and manner of exercise of free speech and assembly. (Cox v. Louisiana (1965) 379 U.S. 559 [13 L.Ed.2d 487, 85 S.Ct. 476]; Grayned v. City of Rockford (1972) 408 U.S. 104 [33 L.Ed.2d 222, 92 S.Ct. 2294].) However, unless the statute is sufficiently explicit to inform those who are subject to it what conduct is proscribed, it violates due process standards of fair notice. (Connally v. General Const. Co. (1926) 269 U.S. 385 [70 L.Ed. 322, 46 S.Ct. 126].) A statute that is drafted in terms too broad also vests the police with excessive discretion in enforcement.
The Attorney General tacitly concedes that a literal reading of section 416 might render it void on the grounds asserted by respondents; a narrowing construction has been urged. (3) A court should, if possible, narrowly construe a statute if that is necessary to bring it within constitutional limits. (Braxton v. Municipal Court (1973) 10 Cal.3d 138 [109 Cal. Rptr. 897, 514 P.2d 697].) The issue for this court is whether section 416 can be construed so narrowly as to avoid overbreadth. The *909 Penal Code provisions which govern breach of the peace[2] and unlawful assembly[3] have been subjected to narrowing construction by state and federal courts to bring them within constitutional limits. (Braxton v. Municipal Court, supra; In re Brown, supra; Cohen v. California (1971) 403 U.S. 15 [29 L.Ed.2d 284, 91 S.Ct. 1780]; In re Bushman (1970) 1 Cal.3d 767 [83 Cal. Rptr. 375, 463 P.2d 727].) The court can look to these constructions for guidance in construing Penal Code section 416.
Penal Code section 416 has two separate parts which require analysis. Part of the statute deals with "disturbing the public peace"; that term, as used in analogous statutes has been construed to prevent overbreadth. The Supreme Court construed "disturbing the peace" in section 415 prior to its amendment in 1974, stating that the phrase had a commonly understood meaning of "disruption of public order by acts that are themselves violent or that tend to incite others to violence." The United States Supreme Court in Cohen v. California went further to hold that a charge of disturbing the peace (Pen. Code, § 415) depends on a showing of clear and present danger that violence will imminently ensue. (403 U.S. 15 [29 L.Ed.2d 284, 91 S.Ct. 1780]; In re Brown, supra) (4) We construe the same language in section 416 in the same manner; thus proof of intention to commit overt acts "that are themselves violent or that tend to incite others to violence" is requisite to criminal liability under the first part of the statute. Of course, the propriety of applying the statute to a specific instance of refusal to disperse would be examined by a trier of fact.
The part of section 416 dealing with "any unlawful act" has been construed by analogy to sections 407 and 409 (see fn. 3), the unlawful *910 assembly statutes, to mean "criminal conduct prohibited by state law." (In re Brown, supra, 9 Cal.3d at p. 624; Coverstone v. Davies (1952) 38 Cal.2d 315 [239 P.2d 876].) The constitutionality of Penal Code sections 407 and 409 was considered in Hoffman v. Municipal Court (1970) 3 Cal. App.3d 621 [83 P.2d 747]. As the section applies to remaining at the scene of an assembly "to commit an unlawful act," the court in Hoffman held that the statute was "`sufficiently definite in [its] terms so that a person of ordinary understanding would know when he is violating [it].'" (Id., at p. 626; also see In re Bacon (1966) 240 Cal. App.2d 34 [49 Cal. Rptr. 322].) (5) Similarly, the "unlawful act" provision in section 416 must be interpreted as reaching conduct which the state may legitimately suppress  i.e., actual violations of the law, or commission of overt acts leading toward a violation of the law.
Respondents challenge the right of the state to punish those who "merely" assemble with an "intent" to commit unlawful acts (i.e., "for the purpose"). To meet that challenge the Attorney General argues that section 416 does not confer impermissible discretion on police officers if the statute is construed to require that a dispersal order not issue until there is probable cause to believe that the purpose of an assembly is unlawful. That purpose, appellant contends, would be determined by all the surrounding circumstances.
Peaceful assemblies are protected by the First Amendment. (Yates v. United States (1957) 354 U.S. 298 [1 L.Ed.2d 1356, 77 S.Ct. 1064].) Therefore, section 416 must be construed to reach only conduct which the state can legitimately suppress, and not the assembly itself.
Respondents contend, however, that section 416 is invalid because even the application of a probable cause test fails to eliminate impermissible police discretion. (6) A statute will not be valid, if after construction, it contains a "broad invitation to subjective or discriminatory enforcement." (Grayned v. City of Rockford, supra, 408 U.S. at p. 113 [33 L.Ed.2d at p. 230].) The court in Grayned held that Rockford's anti-noise ordinance did not claim the broad power to punish "all noises" or diversions: "The ordinance does not permit people to `stand on a public sidewalk ... only at the whim of a public officer.' Rather, there must be demonstrated interference with school activities. As always, enforcement requires the exercise of some degree of police judgment, but, as confined, that degree of judgment here is permissible." (Id., at p. 114 [33 L.Ed.2d at p. 231].) Similarly, in Shuttlesworth v. *911 Birmingham (1965) 382 U.S. 87 [15 L.Ed.2d 176, 86 S.Ct. 211], the United States Supreme Court recognized the need for enforcement guidelines. Appellant in that case was convicted under an ordinance which forbade "`any person to stand or loiter upon any street or sidewalk of the city after having been requested by any police officer to move on.'" (At p. 88 [15 L.Ed.2d at p. 178].) The United States Supreme Court held that the ordinance was constitutional where the Alabama Court of Appeal had narrowly construed the ordinance to apply only where the accused is blocking free passage, not upon the mere refusal to move on. We construe Penal Code section 416 as empowering a public official to demand dispersal only where there is probable cause to believe that the purpose of an assembly is unlawful, according to the facts and circumstances of each individual case. (See Braxton v. Municipal Court, supra, 10 Cal.3d at p. 153.)
Respondents contend that a prosecution under a narrowed construction of section 416 would constitute the application of an ex post facto law.
"A statute has an ex post facto effect when it alters the situation of an accused to his disadvantage by: (a) making criminal an action innocent when done; (b) making more serious an act already criminal when done; (c) inflicting greater punishment than that attending the act at the time it was committed; or (d) permitting a person to be convicted with less evidence than was required when the act was done. (Kring v. Missouri (1882) 107 U.S. 221 [27 L.Ed. 506, 2 S.Ct. 443].) The doctrine does not apply to trivial matters but to some vested and substantial right possessed at the time of the offense. (Mallett v. North Carolina (1901) 181 U.S. 589, 597 [45 L.Ed. 1015, 1019-1020, 21 S.Ct. 730]; People v. Talkington (1935) 8 Cal. App.2d 75, 82 [47 P.2d 368].)
".... .... .... .... ...
"The prohibition in the federal Constitution against ex post facto legislation was placed in article I, section 10, which governs legislative powers, and is not in the article relating to the judiciary, article III. It has been held that that provision, according to the natural import of its term, is a restraint upon legislative power and concerns the making of laws, not their construction, by the courts. (Ross v. Oregon (1913) 227 U.S. 150, 161 [57 L.Ed. 458, 463, 33 S.Ct. 220].) However, due process does apply to the construction of statutes by the courts, and principles similar to those *912 involved in ex post facto doctrine have evolved." (People v. Sobiek (1973) 30 Cal. App.3d 458, 472-474 [106 Cal. Rptr. 519].) (See Bouie v. City of Columbia (1964) 378 U.S. 347, 353-355 [12 L.Ed.2d 894, 899-901, 84 S.Ct. 1697]; People v. Cruz (1972) 25 Cal. App.3d Supp. 1, 12-14 [101 Cal. Rptr. 711]; United States v. Crow (9th Cir.1971) 439 F.2d 1193, 1194; United States v. Marks (E.D.Ky. 1973) 364 F. Supp. 1022, 1027.)
(7) Here there is no novel and unforeseeable judicial expansion of the statutory language in question and thus no judicial construction in the nature of ex post facto lawmaking. (See Hamling v. United States (1974) 418 U.S. 87, 115-116 [41 L.Ed.2d 590, 94 S.Ct. 2887]; United States ex rel. Hardeman v. Wells (D.Mass. 1974) 379 F. Supp. 1087, 1090-1091.) A valid narrowing construction may be applied to conduct occurring prior to the date when the limiting construction was made and a proper conviction thereunder may stand as long as the defendant was not deprived of fair warning that his conduct is covered by the statute. (See Younger v. Harris (1971) 401 U.S. 37, 50-51 [27 L.Ed.2d 669, 679-680, 91 S.Ct. 746]; Dombrowski v. Pfister (1965) 380 U.S. 479, 491, fn. 7 [14 L.Ed.2d 22, 31, 85 S.Ct. 1116].)
The judgments are reversed.
Caldecott, P.J., and Rattigan, J., concurred.
The petition of the plaintiffs and respondents for a hearing by the Supreme Court was denied March 9, 1977.
NOTES
[1] Penal Code section 416 reads as follows: "If two or more persons assemble for the purpose of disturbing the public peace, or committing any unlawful act, and do not disperse on being desired or commanded so to do by a public officer, the persons so offending are severally guilty of a misdemeanor."
[2] Penal Code section 415: "Any of the following persons shall be punished by imprisonment in the county jail for a period of not more than 90 days, a fine of not more than two hundred dollars ($200), or both such imprisonment and fine:

"(1) Any person who unlawfully fights in a public place or challenges another person in a public place to fight.
"(2) Any person who maliciously and willfully disturbs another person by loud and unreasonable noise.
"(3) Any person who uses offensive words in a public place which are inherently likely to provoke an immediate violent reaction."
[3] Penal Code section 407: "Whenever two or more persons assemble together to do an unlawful act, or do a lawful act in a violent, boisterous, or tumultuous manner, such assembly is an unlawful assembly."

Penal Code section 409: "Every person remaining present at the place of any riot, rout, or unlawful assembly, after the same has been lawfully warned to disperse, except public officers and persons assisting them in attempting to disperse the same, is guilty of a misdemeanor."