[Civ. No. 31053. Fourth Dist., Div. One. Nov. 14, 1984.]

COUNTY OF SAN DIEGO, Plaintiff and Appellant, v.
STATE BOARD OF CONTROL, Defendant and Respondent.

## COUNSEL

Lloyd M. Harmon, Jr., County Counsel, Howard P. Brody, Chief Deputy County Counsel, and Nathan C. Northup, Deputy County Counsel, for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Beth Lori Faber, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—The County of San Diego (County) appeals a judgment denying its petition for writ of mandate against the Board of Control of the State of California (Board).

### I

The People charged 15-year-old Brenda S. with 2 counts of first degree murder with special circumstance allegations. The County spent $26,035, authorized by the court, for experts and investigators to help S.' counsel prepare her defense. The Board refused to reimburse the County for these funds. The superior court denied the County's petition in mandate to require the Board to pay.

### II

██ Penal Code section 987.9 permits an attorney for an indigent defendant to ask the court for investigation funds in the trial of a capital case. Revenue and Taxation Code section 2231 authorizes state reimbursement for state mandated expenses. A "capital case" is one where the death penalty may actually be imposed; funds are not authorized under section 987.9 where the death penalty is not possible (*Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 572 [194 Cal.Rptr. 480, 668 P.2d 787]). Here the death penalty

is impossible because Penal Code section 190.5 prohibits imposing the death penalty on minors. Section 987.9 does not authorize expenditures for experts and investigators for S.'s defense and the County is not entitled to reimbursement from the Board for such expenditures.

## III

The County contends absent any case construing section 987.9, the court hearing the matter in 1979 reasonably interpreted the words "capital case" in section 987.9 to authorize funds for S.'s defense. The County asserts under these circumstances this court should not retroactively apply *Sand*'s definition of "capital case" to S.'s case. However, retroactive application of judicial statutory interpretation is proper where, as here, the court's interpretation of the statute involves no "novel [or] unforeseeable judicial expansion of the statutory language in question . . . ." (*Chambers* v. *Municipal Court* (1977) 65 Cal.App.3d 904, 912 [135 Cal.Rptr. 695]; see also *Ross* v. *Oregon* (1913) 227 U.S. 150, 161 [57 L.Ed. 458, 463, 33 S.Ct. 220].) This court must apply *Sand* in determining whether section 987.9 authorized the County's appropriation for S.'s defense (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]).

The superior court properly denied the County's petition for mandate.

The judgment is affirmed.

Staniforth, J., and Wiener, J., concurred.