[No. F021567. Fifth Dist. June 10. 1994.]

CHRISTOPHER LYNN STONE, Petitioner, v.
THE SUPERIOR COURT OF TULARE COUNTY, Respondent;
CITY OF VISALIA et al., Real Parties in Interest.

**COUNSEL**

Behrens, Snyder & Romaine, William A. Romaine and Judith D. Taylor for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

## OPINION

**MARTIN, Acting P. J.**—Petitioner contends the trial court erred in ruling petitioner's declaration of prejudice filed pursuant to Code of Civil Procedure, section 170.6, was untimely. We agree.

### STATEMENT OF THE CASE

Petitioner filed a wrongful death action in Tulare County arising out of an aircraft accident which occurred on January 20, 1993, in Tulare County. A number of other factually related cases were filed in both Tulare and Los Angeles Counties.

On February 3, 1994, the Chairperson of the Judicial Council appointed Judge Broadman to be the coordination motion judge. On February 14, 1994, Judge Broadman granted the petition for coordination of all actions related to the January 20, 1993, air crash.

On March 17, 1994, the Chairperson of the Judicial Council served notice that Judge Broadman had been appointed the coordination trial judge in this matter. Petitioner filed an affidavit of prejudice with Judge Broadman on April 5. At the hearing on this peremptory challenge, the parties agreed that if March 17 was the operative date, petitioner's affidavit would be timely under California Rules of Court, rule 1515.[1] However, Judge Broadman determined the time to challenge him as the coordination trial judge began to run when he was appointed the coordination motion judge on February 3. Thus, Judge Broadman denied the challenge on the ground it was untimely.

### DISCUSSION

Rule 1515 provides: "Any motion or affidavit of prejudice regarding an assigned judge shall be submitted in writing to the assigned judge within 20 days after service of the order assigning the judge to the coordination proceeding. All plaintiffs or similar parties in the included or coordinated actions shall constitute a side and all defendants or similar parties in such actions shall constitute a side for purposes of applying Code of Civil Procedure section 170.6."

An "assigned judge" means any judge assigned pursuant to Code of Civil Procedure section 404 or 404.3, including a "coordination motion judge" and

---

[1] All further rule references are to the California Rules of Court unless otherwise indicated.

a "coordination trial judge." (rule 1501(c).) A "coordination motion judge" is defined as "an assigned judge designated pursuant to Section 404 of the Code of Civil Procedure to determine whether coordination is appropriate." (Rule 1501(g).) Under Code of Civil Procedure section 404.3, "[i]f the assigned judge determines that coordination is appropriate, he shall order the actions coordinated, report that fact to the Chairman of the Judicial Council, and the Chairman of the Judicial Council shall assign a judge to hear and determine the actions in the site or sites the assigned judge finds appropriate." A "coordination trial judge" is defined as "an assigned judge designated pursuant to Section 404.3 of the Code of Civil Procedure to hear and determine coordinated actions." (Rule 1501(i).)

■ Thus, the statutory scheme for coordination and the rules of court implementing that scheme provide for two separate assignments. It is apparent the rules contemplate the possibility these two assignments will be of two different judges. For example, rule 1529(c) provides that, if the coordination petition is granted, the coordination motion judge may, for good cause, "make any appropriate order as the ends of justice may require . . ." before a coordination trial judge is appointed, but may not commence a trial or enter judgment in an included action. "Good cause shall include a showing of an urgent need for judicial action to preserve the rights of a party pending assignment of a coordination trial judge." (*Ibid.*) Such a rule would not be necessary if the coordination motion judge were always appointed to be the coordination trial judge as well.

Despite his being assigned twice to two separate roles, Judge Broadman interpreted rule 1515 as requiring any peremptory challenge to be filed within twenty days of his first assignment. Judge Broadman reasoned "My analysis is the simple reading of the statute says 'assigned judge.' I was an assigned judge, and you didn't file." However, to be consistent with the statutory scheme, the term "assigned judge" in rule 1515 must be read as the judge assigned for the particular purpose, i.e., either to determine whether coordination is appropriate or to hear and determine the coordinated actions. Thus, a party challenging the assignment of a judge pursuant to Code of Civil Procedure section 170.6 has 20 days after the specific assignment to file an affidavit of prejudice. Otherwise, a party will be forced to try to predict whether the judge assigned as the coordination motion judge will also be assigned as the coordination trial judge.

### DISPOSITION

Let a peremptory writ of mandate issue directing the Tulare County Superior Court to vacate its May 2, 1994, order finding petitioner's peremptory challenge to the Honorable Howard Broadman to be untimely in

Judicial Council Coordination Proceeding No. 2959, and to enter a new order granting petitioner's motion to disqualify Judge Broadman.

Thaxter, J., and Franson, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.